THE BANK OF THE STATE OF MISSOURI, Plaintiff in Error, vs. BATES & WISE, Defendants in Error.

1. A sheriff's deed in which the land conveyed was described as " all the right of W. in and to thirty-five acres," in a specified quarter section, with no further description, *was held* sufficient to pass the title, parol evidence being given to identify the land. Proof that W. owned and lived upon one tract containing that quantity, and owned no other in that quarter section, and that these facts were notorious, is a sufficient identification.

*Error to Hannibal Court of Common Pleas.*

This was an action in the nature of ejectment, begun by the Bank of Missouri against Bates and Wise. There was a judgment for the defendants and the plaintiff appealed. The case is sufficiently stated in the opinion of the court.

*J. D. S. Dryden,* for plaintiff in error.

*E. & B. Bates,* for defendants in error.

GAMBLE, Judge, delivered the opinion of the court.

The parties claim the property in dispute, as purchasers under different judgments and executions against William

Wright. The sale under which Bates and Wise, the defendants, claim, was made to satisfy a judgment rendered at the January term, 1840. The Bank claims under a judgment rendered at the May term, 1840. The sales, under the two judgments, were made on the same day. No objection is made to either judgment or to the executions under which the respective parties purchased. The only question in the case is, whether the sheriff's deed to Bates contains a sufficiently accurate description of the premises to pass the title. If it does, the defendants are entitled to judgment, as they hold under the elder judgment. The description in the deed to Bates is, "all the right, title, interest and claim of William Muldrow, William Wright, John McKee and Uriel Wright, in and to thirty-five acres and 75-100 of an acre of land, being a New Madrid claim, No. 2592, part of the south-west quarter of section twenty-five, township fifty-eight, range six west."

1. When this case was before this court, on a former occasion, the question considered was, whether the grantee might introduce parol evidence to show that the land in dispute was sufficiently designated by this description to be known in the community by the description. The court below had decided that the deed was void for uncertainty in the description, and had refused to admit parol evidence to show that the premises were known by the description. This court reversed the judgment, and decided that such evidence was admissible. Another trial has been had and the evidence admitted, and the court has found that Wright lived on a lot adjacent to the land in controversy, in 1833, and in 1834 he inclosed and cultivated the land in controversy, with the exception of about five acres, and continued so to cultivate it until the sale under the execution; that the residue of the quarter section was owned and occupied by others; that neither Wright nor any of his co-defendants in the execution owned or occupied any other part of the quarter section; that, at the time of the sale, these facts were notorious in the community; that Wright was generally known and his place of residence was notorious; that,

under the evidence, the description in the sheriff's deed to Bates is sufficient to vest in him the title to the land in controversy. The court, therefore, found a verdict for the defendants and gave judgment accordingly.

The finding of the court asserts, that it was notorious in the community that Wright had inclosed and cultivated the land in controversy in 1834, and continued such cultivation until the sale in August, 1843 ; that he did not own or occupy any other part of the quarter section, and that all the other parts of the quarter section were owned and occupied by others. We think that, if it was notorious that he owned the land in controversy, as a part of the quarter section, and that all other parts of that quarter were owned and occupied by others, a description of the land as thirty-five acres and seventy-five hundredths of an acre, part of that quarter section, was sufficient to prevent any imposition or sacrifice of the property, and sufficient to pass the title to the property thus claimed and occupied by him in that quarter section.

The plaintiff filed a petition for review and we have looked into the evidence given on the trial. The evidence supports the finding of the court, and that finding is sufficient to warrant the judgment given for the defendant. The judgment is affirmed.